UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JULIO CAMACHO,

                       Petitioner,

-against-

UNITED STATES OF AMERICA,

                       Respondent.

------------------------------------------------------------- X

**ORDER AND OPINION GRANTING PETITION FOR HABEAS CORPUS**

17 Civ. 5199 (AKH)
13 Cr. 58 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Petitioner Julio Camacho filed this petition pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Petitioner argues that the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, requires vacatur of his § 924(c) conviction (Count Three) and a full resentencing. For the reasons that follow, the petition is granted.

**Background**

    On January 23, 2013, Petitioner and numerous other defendants were charged with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count One); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and possessing, or aiding and abetting the possession of, firearms in connection with (i) "a drug trafficking crime . . . , namely, the narcotics conspiracy charged in Count One" and (ii) "a crime of violence . . . , namely, the robbery conspiracy charged in Count Two," in violation of 18 U.S.C. §§ 924(c)(2) and 924(c)(1)(A)(ii) (Count Three) (ECF No. 24). As defendant notes, both charged conspiracies "were premised on the same overt acts," namely

defendants' "plans for the robbery of a fictitious heroin shipment" and "individuals who were supposed to have possessed this heroin shipment." ECF No. 672, at 2.

On July 11, 2013, Petitioner pleaded guilty to Counts Two and Three. At the plea hearing, Petitioner confirmed that he had had an adequate opportunity to discuss the charges contained in the indictment with counsel. ECF No. 613 at 7:4-9. Asked why he was guilty of the charges, Petitioner responded: "I agreed with others to try to rob someone who I thought would have drugs and/or money." *Id.* at 19:25-20:1. The Court asked the Government if it believed there was a sufficient factual predicate for Counts Two and Three, and the Government responded: "Yes, you Honor. Just in an abundance of caution, I can proffer that the drugs at issue were heroin and so that would satisfy the interstate commerce element, and I don't believe there is any dispute as to that." *Id.* at 20:17-23. As the Government concedes, however, in Petitioner's plea agreement and throughout Petitioner's plea and sentencing hearings, the Government referred only to the Count Two robbery conspiracy predicate when describing Count Three. The Court followed suit.

On February 21, 2014, the Court sentenced Petitioner to 90 months' imprisonment for Count Two and the minimum 60 months' imprisonment for Count Three, to run consecutively.[1] ECF No. 360 at 19:11-16. The Court found that Petitioner and his co-defendants "were drug dealers," and that the "objects" of their robberies "were drugs, were large quantities of drugs." *Id.* at 5:2-5. The defense declined a *Fatico* hearing. *Id.* at 5:8. After determining Petitioner's sentence, the Court "dismiss[ed] any open counts," including Count One, the drug trafficking conspiracy. *Id.* at 23:1-2. On March 11, 2014, Petitioner appealed his sentence on unrelated grounds, and the Second Circuit affirmed on November 17, 2015. *See United States v. Camacho*, 622 F. App'x 23 (2d Cir. 2015).

---

[1] Petitioner has served approximately 78 months of his sentence and has a projected release date of February 6, 2024.

2

While Petitioner's appeal was pending in the Second Circuit, the Supreme Court granted certiorari in, and decided, *Johnson v. United* States, 145 S. Ct. 2551 (2015), holding that the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. Following *Johnson*, Petitioner and the Federal Defenders filed § 2255 motions seeking the relief sought here (ECF Nos. 623, 607). The Court granted a defense request to stay the case pending the resolution of Second Circuit and Supreme Court cases involving the application of *Johnson* to § 924(c) and similar provisions, and lifted the stay on July 8, 2019, following the *Davis* decision (ECF No. 671).

## Discussion

Under 18 U.S.C. § 924(c), any person who "during and in relation to any *crime of violence* or *drug trafficking crime* . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to additional criminal penalties (emphasis added). *Davis* held that 18 U.S.C. § 924(c)(3)(B) (also known as the statute's "residual clause"), which defined a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. *See* 139 S. Ct. 2319. As the Government concedes, in light of *Davis*, Petitioner's Hobbs Act robbery conspiracy is no longer a valid § 924(c) predicate offense; drug trafficking remains a valid predicate offense. *See* 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime" to include, *inter alia*, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*)").

The Government first argues that Petitioner procedurally defaulted his challenge to Count Three by failing to raise the argument on direct appeal. *See, e.g., Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either [1] cause and actual prejudice or [2] that he is actually innocent.")

3

(citations and quotation marks omitted). Second Circuit caselaw at the time of Petitioner's direct appeal foreclosed his § 924(c) argument, and the Supreme Court did not take up or decide *Johnson* until after Petitioner had filed his direct appeal.[2] Accordingly, I hold that Petitioner has demonstrated cause and prejudice, and is not procedurally barred from bringing the instant petition.

On the merits of Petitioner's argument, I hold that (i) *Davis* requires vacatur of Count Three's Hobbs Act robbery conspiracy predicate, and (ii) that the record does not establish that Petitioner knowingly pleaded guilty to Count Three's drug trafficking conspiracy predicate. The second holding turns on Defendant's allocution in his plea hearing, where he admitted that the joined a conspiracy to rob someone he "thought would have drugs and/or money." As the Court held, this allocution established a sufficient factual basis to accept Petitioner's plea to Count Two and to Count Three's robbery conspiracy predicate. It was not sufficient, however, as to Count Three's drug trafficking conspiracy predicate. Had the Government and the Court contemplated a plea to the latter predicate, they might have established an adequate factual basis with little additional effort. *Cf. United States v. Rivera*, 679 F. App'x 51, 55-56 (2d Cir. 2017) (holding that defendant's admissions that he was "involved in a narcotic[s] conspiracy," wherein he had "agreed . . . to assist . . . in committing a robbery of an individual delivering drugs" were sufficient to support § 924(c) drug trafficking conspiracy predicate, despite dismissal of the substantive drug trafficking charge at sentencing, where § 924(c) Hobbs Act robbery predicate was potentially invalid). However, the record clearly shows that no such plea was contemplated and no such admissions were sought. *See Vasquez v. United States*, No. 13 Cr. 58 (KBF), 2016

---

[2] The Second Circuit continued to uphold the constitutionality of § 924(c)'s residual clause following *Johnson*. *See United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018) ("[I]t has long been the law in this circuit that a conspiracy to commit a crime of violence is itself a crime of violence under 18 U.S.C. § 924(c)(3)."), *abrogated by Davis*, 139 S. Ct. 2319 (2019). *Barrett* is currently before the Second Circuit on remand, under docket no. 14-2641.

4

WL 3748504, at *1 (S.D.N.Y. July 11, 2016) ("Although the narcotics conspiracy charged in Count One could have served as a sufficient predicate to support Vazquez's guilty plea with respect to [the § 924(c) count], Vasquez did not plead guilty to that charge . . . . Rather, Vasquez's guilty plea in relation to [the § 924(c) count] rested on his using, carrying and possessing a firearm . . . in furtherance of the charged Hobbs Act robbery conspiracy."). The Government cannot save Petitioner's § 924(c) conviction on a now-invalid predicate by converting it to a valid predicate to which Petitioner did not plead.

**Conclusion**

For the reasons stated herein, the petition is granted, and Petitioner's Count Three conviction is vacated. The Clerk shall terminate the open motions (ECF Nos. 623, 607). Petitioner shall appear for re-sentencing on September 6, 2019 at 11:00 a.m.

SO ORDERED.

Dated: August 13, 2019
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge